```
             IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION


James A-K Arunga,              :

        Petitioner,            :

   v.                          :       Case No. 2:12-cv-873

                               :       JUDGE PETER C. ECONOMUS
Mitt Romney, et al.,                   Magistrate Judge Kemp
                               :

        Respondents.           :
```

### REPORT AND RECOMMENDATION AND ORDER

Plaintiff, James A-K Arunga, a non-prisoner *pro se* litigant who resides in California, has moved for leave to proceed *in forma pauperis*. He qualifies financially for *in forma pauperis* status, so his motion for leave to proceed (Doc. 1) is granted. However, for the reasons which follow, it will be recommended that this action be dismissed.

### I.

28 U.S.C. §1915(e)(2) provides that in proceedings in forma pauperis, "[t]he court shall dismiss the case if ... (B) the action ... is frivolous or malicious [or] fails to state a claim on which relief can be granted...." The purpose of this section is to prevent suits which are a waste of judicial resources and which a paying litigant would not initiate because of the costs involved. See Neitzke v. Williams, 490 U.S. 319 (1989). A complaint may be dismissed as frivolous only when the plaintiff fails to present a claim with an arguable or rational basis in law or fact. See id. at 325. Claims which lack such a basis include those for which the defendants are clearly entitled to immunity and claims of infringement of a legal interest which does not exist, see id. at 327-28, and "claims describing

fantastic or delusional scenarios, claims with which federal district judges are all too familiar." Id. at 328; see also Denton v. Hernandez, 504 U.S. 25 (1992). A complaint may not be dismissed for failure to state a claim upon which relief can be granted if the complaint contains "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). *Pro se* complaints are to be construed liberally in favor of the *pro se* party. See Haines v. Kerner, 404 U.S. 519 (1972). The Court is required to review Ms. Carter's complaint under these standards.

## II.

Mr. Arunga has called his complaint a "Petition for a Writ of Mandamus to the Respondents Against Their Outlawed Political Ochlocracy." The respondents he names are President Barack Obama and former Massachusetts governor Mitt Romney. The complaint invokes jurisdiction under the United States Constitution and 18 U.S.C. §§1956 and 1957, which criminalize money laundering. Among his complaints are the deleting of the phrase "In God We Trust" from the Democratic National Committee Platform, which he describes as "ochlocratic nihilism," and the way in which Governor Romney has, in Mr. Arunga's view, avoided paying taxes. He asks that both candidates be "outlawed" and that the Court order Robert Gates and David Petraeus be declared the legal candidates for president and vice-president.

Ochlocracy is not a term in common use, at least in documents filed with this Court, nor does it appear in the Westlaw allfeds database for 2012. It means simply "mob rule." The complaint appears to allege that either or both presidential candidates intend to create such conditions and that the Constitution forbids them.

Whatever the merits of Mr. Arunga's constitutional views about ochlocracy might be, his complaint fails to state a claim

-2-

upon which this Court can grant relief.  This Court is one of limited powers (those vested in it by Article III of the Constitution and by Act of Congress), and the subject matter of Mr. Arunga's complaint - that a presidential candidate is threatening to create an unconstitutional form of government - is simply beyond the reach of the Court's limited powers.  Some questions, known as "political questions," are properly reserved to branches of the government other than the courts.  As the Supreme Court has explained, the "political question" doctrine "is 'essentially a function of the separation of powers,' Baker v. Carr, 369 U.S. 186, 217, 82 S.Ct. 691, 7 L.Ed.2d 663 (1962), which recognizes the limits that Article III imposes upon courts and accords appropriate respect to the other branches' exercise of their own constitutional powers." Zivotofsky ex rel. Zivotofsky v. Clinton, 132 S.Ct. 1421, 1431 (2012)(Sotomayor, J., concurring).  Among the factors which Baker v. Carr requires a court to consider in deciding if a political question is present are the lack of judicial standards for resolving the issue and the impossibility of judicial resolution without policy determinations committed to other branches of the government. Baker, 369 U.S. at 217.  These factors are designed, in part, to weed out cases which would require a court to act other than "in the manner traditional for English and American courts."  Vieth v. Jubelirer, 541 U.S. 267, 278 (2004)(plurality opinion).

    Intervention into the midst of a political campaign for the purpose of disqualifying candidates based on an alleged threat to impose unconstitutional mob rule if elected is not a traditional function of the American courts.  There is no established judicial standard for what constitutes an ochlocracy, and certainly none which applies to the alleged threat of establishing such a government based on actions taken during the course of a political campaign.  Although the Court does have the

power to determine if, for example, restrictions on contributions to political campaigns or restrictions on the speech in which candidates can engage are consistent with the Constitution, and particularly the First Amendment, see, e.g., Citizens United v. Federal Election Com'n, 558 U.S. 31 (2010);  McIntyre v. Ohio Elections Com'n, 514 U.S. 334 (1995), its power to supervise or control political campaigns is fairly limited, and must depend on the existence of a concrete and enforceable constitutional or statutory provision susceptible of judicial interpretation and application.  That is especially so where, as here, the constitutional provisions which Mr. Arunga cites do not appear to have direct application to the actions about which he complains, and much of his argument is based on the Preamble to the Constitution, which does not create any legally enforceable rights.

As another court has also observed, in dismissing a case brought by this same plaintiff, "[t]he mere recitation ... of various sections of the United States Constitution and random United States Code citations is insufficient" to state a claim upon which relief can be granted.  Arunga v. American Civil Liberties Union Foundation, 2009 WL 3274784, *1 (D. Or. Oct. 9, 2009), aff'd 441 Fed. Appx. 469 (9th Cir. July 1, 2011).  That is the situation here as well.  This complaint simply presents no justiciable issue which a court can resolve.  Consequently, it should be dismissed under 28 U.S.C. §1915(e)(2).

                                III.

For all of these reasons, it is recommended that this case be dismissed under 28 U.S.C. §1915(e)(2).  Should the Court adopt this Report and Recommendation, a copy of the petition and the order of dismissal should be mailed to the respondents to the extent that the Clerk can determine an address to which they can be mailed.

IV.

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir.1981).


/s/ Terence P. Kemp
United States Magistrate Judge